# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3437 | **DATE** | 12/10/2002 |
| **CASE TITLE** | Johnnie E. Willis v. Jo Anne B. Barnhart, Commissioner of Social Security | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, Plaintiff's motion for attorney fees under the Equal Access to Justice Act is GRANTED [23-1]. Plaintiff is awarded attorney fees in the amount of $8,002.68.

(11) ■ [For further detail see attached memorandum opinion and order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 11 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 28 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| mds(lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
DEC 1 1 2002

JOHNNIE E. WILLIS, )
)
      **Plaintiff,** )
) No. 99 C 3437
v. )
) HONORABLE DAVID H. COAR
JO ANNE B. BARNHART, Commissioner of )
Social Security, )
)
      **Defendant.** )

## MEMORANDUM OPINION AND ORDER

Before this court is Johnnie E. Willis's ("Willis" or "Plaintiff") motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The Commissioner opposes the motion on the grounds that the Commissioner's position was substantially justified. In the alternative, the Commissioner argues that the fees requested are excessive. For the following reasons, Willis's motion is GRANTED.

### I. Procedural Summary

This action arises from plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. See 42 U.S.C. §§ 416(i), 423(d), 1381a. The facts of this case are laid out in substantial detail in this Court's Memorandum Opinion and Order of September 27, 2000 and are only briefly summarized here. In April 1996, Willis applied for Social Security disability benefits, claiming that he had been disabled since January 24, 1996, by severe knee problems and associated pain that caused him to need two canes for ambulation. Initially and on reconsideration, Willis' claim



was denied. On March 5, 1997, with the assistance of his attorney, Willis presented evidence in support of his claim to an administrative law judge. The ALJ rejected his appeal in a written opinion on September 9, 1997. One year and one week later, the appeals council denied his request for review, making the ALJ's decision the final decision of the Commissioner, and Plaintiff appealed to this Court. See 20 C.F.R. § 405(g).

In a decision dated September 27, 2000, this Court remanded the case finding that the ALJ failed to establish a bridge from the evidence to the conclusion. The Court found that the ALJ not only failed to explain his reasons as to why he found Plaintiff could perform medium work, but he also failed to discuss evidence favorable to Plaintiff. See Memorandum Opinion and Order (Opinion) at 5 ("[a]lthough there is evidence in the record to support this conclusion . . . , the ALJ neither refers to the supporting evidence as the basis for his conclusion, nor discusses the more recent medical-opinion evidence that undermines his conclusion."). The Court also found that new and material evidence justified remand, and on May 9, 2001, this Court issued an Amended Judgment Order *nunc pro tunc* to October 25, 2000, in which it clarified its September 27th order, specifying that the case had been remanded pursuant to Sentence 6 of 42 U.S.C. § 405(g).

## II. Discussion

The EAJA provides for an award of attorney fees and other expenses, but such an award is not automatic. See United States v. Hallmark Constr. Co., 200 F.3d 1076, 1079 (7th Cir.2000); Jackson v. Chater, 94 F.3d 274, 278 (7th Cir.1996). Eligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4)

pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement. Cummings v. Sullivan, 950 F.2d 492, 496 (7th Cir. 1991). In this case, it is undisputed that Willis is a prevailing party and that his fee application was timely. Further, the Commissioner does not argue that special circumstances would make an award unjust. Thus, at issue in this action is whether the government's position was substantially justified.

The Supreme Court has found that the United States' position is substantially justified if it is " 'justified in substance or in the main'--that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). The Court stated that "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Id. at 566 n. 2, 108 S.Ct. at 2550 n. 2. In other words, a position is substantially justified if (1) there is a rational basis for the facts alleged; (2) there is a rational basis for the legal theory; and (3) there is a rational connection between the facts alleged and the legal theory. Hallmark, 200 F.3d at 1080. In making this determination, it is appropriate for the district court to consider the government's litigating position as well as its prelitigation conduct--the action or inaction that gave rise to the litigation....EAJA fees may be awarded if either the government's prelitigation conduct or its litigation position are not substantially justified. Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir.1994) (citation omitted). The government has the burden of proving its position had a reasonable basis in law and fact. Cummings v. Sullivan, 950 F.2d 492, 495 (7th Cir.1991).

In this case, the Commissioner's position throughout the proceedings was that Willis was not entitled to benefits because his bilateral knee problems and associated pain were not disabling. The government argues that its position was substantially justified because it had a reasonable basis in law and fact throughout the administrative proceedings and during litigation. It further argues that, while the "ALJ's articulation may not have been a model of clarity, he did discuss evidence that he considered, including the medical evidence of record as well as Plaintiff's credibility, in making his RFC [residual functional capacity] finding." Commissioner's Brief at 4. This evidence was: (1) Plaintiff was able to walk without an assistive device a month after his July 1996 surgery; (2) Plaintiff's November 1996 physical examination showed that he had exaggerated pain responses and sometimes was dramatic in his pain illustrations; (3) an October 1996 x-ray showed only mild narrowing, but no other hypertrophic changes; and that Dr. Abouassaly could find no etiology for Plaintiff's knee pain in February 1997. The Commissioner concludes that, based on this evidence, "the agency had a rational ground for thinking it had a rational ground for its action." Id. at 5.[1]

While there was some evidence in the Record that might have supported the ALJ's conclusion, as this Court noted in its September 2000 opinion, the ALJ decision was lacking in several respects. Not only did the ALJ neglect to refer to the supporting evidence as the basis for his conclusion, what is even more troubling and what leads to this Court's conclusion that the Commissioner's position was not substantially justified, is that the ALJ did not discuss the

---

[1] As to this Court's Sentence 6 remand based on new evidence, the Commissioner similarly contends that it was rational for the agency to think it had a rational ground for arguing that the new evidence was not material since it is related to a period nine and ten months after the ALJ's decision.

-4-

evidence in the record that clearly favored Plaintiff and undermined the ALJ's conclusion. Specifically, while the ALJ concluded that, at one point in February 1997, there was no identifiable cause for Plaintiff's bilateral knee pain, the postoperative report indicates that "diagnostic arthroscopy revealed an incisional tear of the medial meniscus which was removed . . . . A large supra patellar plicum was found and noted to be eroding the femoral condole . . . . The remainder of the joint looked fair to good." Similarly, the ALJ inexplicably ignored a March 6, 1997 report made by Dr. Morgenstern, an orthopedic specialist familiar with Willis and his case.[2] This report stated that Willis's condition had worsened and Dr. Morgenstern concluded that Willis could only occasionally lift five pounds and carry it a distance of five feet, that he could not bend, push, or pull, that he could not stand for six hours in an eight-hour-work day, and that he could sit for six hours in an eight-hour-work day, but that he would need to stand and lie down intermittently. As for the doctors who noted the exaggerated pain response, they did not accuse Plaintiff of malingering, and in fact they posited that another impairment (reflex sympathetic dystrophy or chronic pain syndrome) could be responsible for the "extra" pain. Further, the minimal findings on the x-rays may have given the ALJ reason to discredit the severity of the arthritis, but it does not explain away the other diagnoses.

Finally, even if the ALJ had a "rational basis for believing he had a rational basis" to discredit Plaintiff's knee complaints, the Appeals Council did not. Willis underwent surgery on both knees in June and July, 1998 and the chiropractor's report is generally consistent with other evidence indicating that Willis's knees caused him pain. The diagnosis was internal derangement

---

[2] Dr. Edward Terence, who was not Willis's treating physician, was the one who evaluated Willis' residual functional capacity ("RFC") on August 29, 1996 and concluded that Willis was capable of medium work.

of the left knee and a meniscal tear of the right knee. The Commissioner argues that, because the new evidence related to a period 9 and 10 months after the ALJ's decision, the Appeals Council had a rational ground for finding the new evidence immaterial. This Court, however, disagrees with the Commissioner's characterization. Although the surgeries occurred 9 and 10 months after the ALJ decision, they relate to Willis's chronic knee problems and pain, which is precisely the issues and conditions that were before the ALJ. Given the substantial evidence in the record of Willis's disabling knee problems throughout the administrative proceedings and litigation, and the sparsity of evidence indicating the opposite, this Court cannot conclude that the Commissioner's position was reasonably based in law and fact because the decision to deny coverage was made by disregarding evidence clearly favorable to the Plaintiff's claim. This Court therefore finds that the Commissioner's position was not substantially justified and Willis is awarded attorney fees.

The Court must next determine the proper amount of the fee award. The relevant statute to determine the proper fee is 28 U.S.C. § 2412(d)(2)(A(ii) which proves that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings, justifies a higher fee." An increase in the cost of living since March 1996, the date when the statute was amended, justifies an increase in the statutory rate. The plaintiff proposes and hourly rate of $142.27, which reflects the cost of living increases in Chicago since March 1996 through January 2002, and are based on the Consumer Price Index. Thus, Plaintiff submits that he is entitled to $8,002.68 for the 56.25 hours his attorney expended on this case. The Commissioner does not object to the hourly rate the Plaintiff proposes; rather, the Commissioner argues that the fees requested by Plaintiff are excessive because the hours were billed in quarter-

hour increments, which "tends to inflate the actual hours spent on the case." The Commissioner proposes this Court reduce Plaintiff's billing increment from quarter-hour increments to tenth-hour increments, which it argues would result in a significant reduction in Plaintiff's fee request.

The Court finds the Commissioner's argument unpersuasive, however, because the Social Security Commissioner itself has stated in the past that quarter-hour increments are allowable if they are reasonably applied. See Harper v. Massanari, 2002 WL 1998302, at *2 (N.D. Ill. Aug. 28, 2002) citing Wonder v. Shalala, 822 F.Supp. 1345, 1349 (E.D. Wis. 1993). Further, Plaintiff's attorney's method of billing in 15-minute increments followed the billing recommendations suggested by the Social Security Commissioner in POMS § GN03930.020. The record shows that Willis's attorney conducted an adequate investigation of the facts and he expended a reasonable and appropriate amount of time and resources prosecuting this case. The Court therefore finds that Plaintiff's request for fees is reasonable and well documented; Plaintiff is awarded attorney fees in the amount of $8,002.68.

### III. Conclusion

For the foregoing reasons, plaintiff is awarded attorney fees in the amount of $8,002.68.

Enter:

_David H. Coar_
**David H. Coar**
**United States District Judge**

**Dated: December 10, 2002**